UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL A. COLLINS, JR.**                                                      **CIVIL ACTION**

**VERSUS**                                                                                  **No. 13-5431**

**ANGIODYNAMICS, INC. ET AL.**                                          **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Daniel A. Collins, Jr., for a stay of proceedings in the above-captioned matter pending the completion of a medical review panel. Defendants, Angiodynamics, Inc., Rita Medical Systems, Inc., and Navilyst Medical, Inc., filed a joint opposition[2] to the motion. For the following reasons, plaintiff's motion is **DENIED**.

### BACKGROUND

Plaintiff is an inmate of the Louisiana State Penitentiary at Angola.[3] He suffers from "chronic lymphocytic leukemia,"[4] and from October 2010 to January 2011, he received chemotherapy treatment via an implanted port.[5] After plaintiff's cancer went into remission in January 2011, the port was left "in place as a precautionary measure in the event of resurgence of the cancer."[6] The port remained in place until June 2012, when plaintiff underwent emergency surgery to remove a 4-inch piece of the port that "had broken off[] and was lodged in his heart."[7]

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 12. Smiths Medical ASD, Inc., formerly a defendant, also filed an opposition, R. Doc. No. 11, but the company was dismissed without prejudice on September 24, 2013. R. Doc. No. 15. Accordingly, the Court will not consider its memorandum.
[3] R. Doc. No. 1-1, ¶ 2.
[4] *Id.* ¶ 3.
[5] *Id.* ¶ 6.
[6] *Id.* ¶ 7.
[7] *Id.* ¶¶ 8-10.

Plaintiff filed the instant lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, on July 12, 2013,[8] and it was removed to this Court on August 14, 2013, on the basis of diversity jurisdiction.[9] Plaintiff asserts a variety of causes of action against multiple defendants, including claims of "products liability, negligence, redhibition, fraudulent misrepresentation and breach of implied and/or express warranties" as well as "intentional and negligent infliction of emotional distress."[10]

Plaintiff filed the instant motion on August 30, 2013.[11] Plaintiff asks the Court to stay and administratively close this case during the pendency of proceedings before a Louisiana state medical review panel which is considering plaintiff's allegations of malpractice against Dr. Kevin Hude ("Dr. Hude") and the Medical Center of Louisiana at New Orleans ("MCLNO"). He requests the stay because he contends that Dr. Hude and MCLNO "are necessary to a complete adjudication of the issue of liability and should be joined before any further proceedings in this matter."[12] Plaintiff admits that he "is not certain how long resolution of the medical review panel proceedings will require," and he asks for an indefinite stay subject to any party's right to move to reopen the case when circumstances change.[13]

Defendants oppose the motion "because judicial efficiency and economy dictate that discovery in this matter and the medical review panel proceeding should, and can, occur at the

---

[8] *See id.*
[9] R. Doc. No. 1.
[10] R. Doc. No. 1-1, ¶ 19.
[11] R. Doc. No. 7. The motion is identical to one that was granted by a U.S. District Court Judge in the Middle District of Louisiana in a related case against the Louisiana Department of Public Safety and Corrections and two of its doctors. *See* R. Doc. Nos. 1, 5-6, Civil Action No. 13-237, *Collins v. Roundtree et al.* (M.D. La. Apr. 15, 2013). In that case, the motion was filed as an ex parte motion, and it was granted by the court without opposition.
[12] R. Doc. No. 7, at 2.
[13] *Id.* at 3.

same time."[14] Defendants state: "Issues relevant to liability, causation and damages are common to all defendants. The issues are so intertwined that a stay of this matter will only serve to frustrate a swift and efficient resolution."[15] Defendants request that the Court decline to issue a stay so that discovery may continue and they can "explore summary disposition."[16]

## LAW AND ANALYSIS

The Court possesses "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989) and *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Notwithstanding the Court's broad discretion, a stay must not be "immoderate or of an indefinite duration." *Id.*

The Louisiana Medical Malpractice Act ("LMMA") states, "No action against a health care provider . . . or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."[17] La. Rev. Stat. § 40:1299.47(B)(1)(a)(i). A malpractice lawsuit commenced before a medical review panel's ruling results in an exception of prematurity and a dismissal of plaintiff's case,

---

[14] R. Doc. No. 12.
[15] *Id.* at 2-3.
[16] *Id.* at 4.
[17] The statute defines "health care provider" as "a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or certified by this state to provide health care or professional services." La. Rev. Stat. § 40:1299.41(A)(10).

unless the parties agree to waive the requirement. *Bennett v. Krupkin*, 814 So. 2d 681, 685 (La Ct. App. 2002); *see* La. Code Civ. Proc. art. 933 ("If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.").

This Court has considered a similar motion in a case with similar facts. In *Bugay v. McCain*, No. 08-1690, 2008 WL 2782869 (E.D. La. July 15, 2008) (Africk, J.), the plaintiffs filed a motion for a 90-day stay to allow time for an LMMA panel to make a decision regarding potential malpractice defendants. *Id.* at *2. The defendants who opposed the motion were being sued under a products liability theory. *Id.* at *1. The plaintiffs advised this Court that at least one of the non-parties who was in front of the medical review panel would be added to the litigation after the panel's ruling. *See id.* at *2.

This Court noted that the later addition of non-diverse defendants would call into question its subject matter jurisdiction.[18] *Id.* at *2, n.14. This Court stated:

> [T]he type of discovery sought with respect to plaintiffs' claims against [the potential malpractice defendants] is distinct from the discovery needed against the [other defendants] for products liability. . . . [T]here is no reason to waste valuable time pending the panel's decision since any discovery obtained within the ninety days can be used in state court proceedings if the case is ultimately remanded. If, on the other hand, a stay is granted and plaintiffs do not amend their petition to add [the malpractice defendants], the [products liability defendants] will have been "unjustifiably stalled in [their] pursuit of the facts." . . . The Court finds plaintiffs' argument that a stay of the proceedings would promote judicial efficiency unpersuasive.

*Id.* (quoting *Lillie v. Wyeth-Ayerst Labs.*, No. 94-1744, 1994 WL 532091, at *2 (E.D. La. Sept. 26, 1994)). Accordingly, this Court denied the stay. *Id.* at *3.[19]

---

[18] If Dr. Hude or MCLNO is a Louisiana citizen, their addition as defendants may call into question the Court's diversity jurisdiction. However, as explained below, the Court does not consider, as a basis for this order, the possibility that plaintiff will amend his complaint to include additional defendants.

[19] Plaintiff cites *Cooper v. Sofamor, Inc.*, No. 92-3111, 1993 WL 17634 (E.D. La. Jan. 15, 1993) (Clement, J.), for the proposition that judicial economy would be "served by having these

The Court has carefully considered (1) the potential for hardship and inequity imposed on the parties by proceeding with the action, (2) whether prejudice will result if a stay is imposed, and (3) the interests of judicial economy. *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at *2 (E.D. La. Mar. 5, 2013) (Milazzo, J.). Plaintiff does not allege that he will endure any particular hardship if the Court fails to grant a stay beyond his statement that "Dr. Hude and [MCLNO] are necessary parties without which complete relief may not be granted."[20] However, the fact that additional "parties may one day be named as defendants is speculative," and a stay is not warranted on that basis alone. *See Audrisch v. Ethicon, Inc.*, No. 02-243, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002).

As defendants state: "Issuing a stay would prevent defendants from obtaining the discovery necessary to explore summary disposition, resulting in unnecessary delays and increased litigation costs. A stay may also prejudice the parties if evidence is lost or becomes unavailable."[21] Judicial economy would best be served by allowing defendants to pursue their defenses and possible grounds for summary disposition while the panel proceedings are ongoing.

---

matters litigated only once." R. Doc. No. 7 1, at 3. The Court finds that *Cooper* is distinguishable for two reasons. First, the defendant in *Cooper* never "explained exactly why it would be prejudiced," 1993 WL 17634, at *2, whereas defendants in this case have given several reasons why a stay would be inappropriate. See R. Doc. No. 12, at 4. Second, the court in *Cooper* found that proceeding to trial before the conclusion of the medical review panel against other potential defendants would "avoid piecemeal resolution of these claims" because "the medical malpractice and products liability elements of this case cannot be neatly separated." 1993 WL 17634, at *2. Defendants do not suggest proceeding to trial. Instead, they hope to continue with early discovery, which they will cross-notice with Dr. Hude and MCLNO, and they "agree that a trial should not occur until all parties are joined in this matter." R. Doc. No. 12, at 5. This distinction alleviates concerns over piecemeal litigation that warranted a stay in *Cooper. See also Hayden v. Cunningham Pathology Assocs.*, No. 91-583, 1991 WL 62102, at *1 (E.D. La. Apr. 17, 1991) (Livaudais, J.) ("Defendant does not oppose the stay insofar as the setting of pre-trial and trial dates, but requests that discovery be allowed to proceed. There is no reason why preliminary discovery cannot proceed . . . .").
[20] R. Doc. No. 7-1, at 2.
[21] R. Doc. No. 12, at 4.

Furthermore, defendants have stated that discovery "will be cross-noticed with the parties to the medical malpractice action," which will minimize any duplication of discovery efforts if and when Dr. Hude and MCLNO are added as defendants.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 25, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**